IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HILO PRODUCTS, INC., ) | CIVIL NO. 22-00069 SOM-WRP |
| ) | |
| Plaintiff, ) | FINDINGS AND |
| ) | RECOMMENDATION TO DENY |
| vs. ) | PLAINTIFF'S MOTION TO |
| ) | REMAND CASE TO STATE |
| TARGET CORPORATION, ) | COURT OR, IN THE |
| ) | ALTERNATIVE, MOTION FOR |
| Defendant. ) | ORDER TO SHOW CAUSE |
| ) | |
| ) | |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT OR, IN THE ALTERNATIVE, MOTION FOR ORDER TO SHOW CAUSE

Before the Court is Plaintiff's Motion to Remand Case to State Court or, in the Alternative, Motion for Order to Show Cause (Motion) filed on March 21, 2022. See ECF No. 12. Defendant Target Corporation filed an Opposition on April 6, 2022. See ECF No. 24. Plaintiff filed a Reply on April 20, 2022. See ECF No. 31. The Court finds the Motion suitable for disposition without a hearing pursuant to Local Rule 7.1(c).

Based on the Motion and the record in this action, the Court FINDS AND RECOMMENDS that Plaintiff's Motion be DENIED.[1]

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections

BACKGROUND

Plaintiff, a produce wholesaler, brings this action against Target alleging various claims under state law.  See ECF Nos. 2, 15.  Plaintiff provided produce to Target's Kona and Hilo locations and alleges Target owes it hundreds of thousands of dollars due to underpayment for certain invoices.  See ECF No. 2 ¶¶ 6-24.

Plaintiff filed the present action in state court on December 27, 2021. See ECF No. 2 at 3.  Target removed the action to federal court on February 22, 2022.  See ECF No. 1.  The Notice of Removal alleges jurisdiction under 28 U.S.C. § 1332 because the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.  See ECF No. 1 ¶¶ 5-12.  Relevant to the present Motion, in contending there is diversity of citizenship in its Notice of Removal, Target alleges it is "a corporation incorporated under the laws of the State of Minnesota, with its principal place of business in Minneapolis, Minnesota."  Id. ¶ 8 (citing ECF No. 2 ¶ 2, Plaintiff's allegation in the state court complaint that Target was "a Minnesota corporation with a corporate address [in] Minnesota").

On March 1, 2022, Target filed a Motion to Transfer Venue and, in

---

within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

the Alternative, Dismiss.  See ECF No. 7.[2]  On March 21, 2022, Plaintiff filed the present Motion seeking remand or an order to show cause.  See ECF No. 12.  On March 22, 2022, Plaintiff filed a First Amended Complaint (FAC).  See ECF No. 15.  The FAC contains the same allegation regarding Target being a Minnesota corporation with a corporate address in Minnesota, see ECF No. 15 ¶ 2, and still contains only state law claims.  As to jurisdiction, the FAC notes Target's position that diversity jurisdiction exists over this matter.  See id. ¶ 4.  Plaintiff also moved for leave to file a Second Amended Complaint (SAC), see ECF No. 25, although the parties later stipulated to Plaintiff filing the SAC as proposed, see ECF No. 34.  The SAC still names only Target as a defendant and brings only state law claims.  See ECF No. 36.

## DISCUSSION

A case filed in state court may be removed to federal court by the defendant if the federal court has "original jurisdiction" over the case.  See 28 U.S.C. § 1441(a).  Such removal can be based on either diversity jurisdiction or federal question jurisdiction.  See 28 U.S.C. §§ 1331, 1332, 1441.  However, a case must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).  "Removal

---

[2] The District Court held a hearing on that motion on April 18, 2022 and set a further hearing for May 10, 2022.  See ECF No. 28.

and subject matter jurisdiction statutes are strictly construed, and a defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) (citation omitted).

### A. Target Has Met Its Burden of Demonstrating Jurisdiction

Target asserts diversity jurisdiction as the basis for removal here. See ECF No. 1 ¶¶ 5-12. Under diversity jurisdiction, federal courts have original jurisdiction over civil actions where the matter in controversy exceeds $75,000 and the suit is between citizens of different states. See 28 U.S.C. § 1332(a)(1). Section 1332 requires complete diversity, such that each plaintiff must be diverse from each defendant. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005).

Relevant here because both parties are corporate entities, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). "The phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," often called the corporation's "nerve center." Hertz Corp. v. Friend, 559 U.S. 77, 80-81 (2010) ("We believe that the 'nerve center' will typically be found at a corporation's headquarters.").

4

Plaintiff argues Target has not met its burden of demonstrating diversity jurisdiction because, with regard to Target's citizenship, the Notice of Removal *cites* only Plaintiff's allegation that Target is "a Minnesota corporation with a corporate address [in] Minnesota." See ECF No. 1 ¶ 8 (citing ECF No. 2 ¶ 2). The Court is not persuaded that the Notice of Removal is defective on this basis. The Notice of Removal alleges Target's citizenship by identifying its place of incorporation and principal place of business as Minnesota. See ECF No. 1 ¶ 8. Target's Notice of Removal thus sufficiently alleges complete diversity because it contains the necessary allegations to identify the citizenship of both parties—and those allegations show the parties are completely diverse. See id. ¶¶ 7-8 (identifying Plaintiff's place of incorporation and principal place of business as Hawaiʻi).

Upon removal, Target was "merely required to allege (not to prove) diversity." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001); see also 28 U.S.C. § 1446(a) (requiring notice of removal to "contain[] a short and plain statement of the grounds for removal"). By identifying the state of incorporation and principal place of business for both itself and Plaintiff, and demonstrating neither party is a citizen of the same state, Target has thus met its initial burden of demonstrating complete diversity.

Plaintiff cites no binding authority that a removing defendant must

attach evidence to a notice of removal in support of the jurisdictional allegations contained therein. Instead, Plaintiff cites an example where a district court remanded an action based on the defendant's failure to submit evidence to support the location of its principal place of business in response to a motion to remand that challenged the allegations contained in the notice of removal. See Tarokh v. Citimortgage, Inc., 2013 WL 2050368, at *2-6 (N.D. Cal. May 14, 2013). Here, unlike in Tarokh, Target has provided evidentiary proof to support the allegations in its Notice of Removal in the form of a declaration from Mary Stanley, Director Counsel in the corporate division of Target's law department, regarding: where Target's top executive officers are employed, maintain their offices, and run the day-to-day operations of the corporation (Minnesota); where Target maintains its corporate records and controls its business activities (Minnesota); where Target's Board of Directors meets (Minnesota), and where corporate executive officers make executive-level policymaking and substantive decisions, including those that affect individual stores (Minnesota). See ECF No. 24-1. While Plaintiff has challenged certain exhibits attached to that declaration and another declaration, see ECF No. 31 at 3-7, Plaintiff has not specifically argued that Ms. Stanley's attestations, in connection with those exhibits, are insufficient to support Target's claim that its principal place of business is located in Minnesota. Tarokh is thus not persuasive here.

Based on this, and because the Court finds that the allegations regarding the amount of controversy are also sufficient to support removal based on diversity jurisdiction, see 28 U.S.C. § 1446(c)(2); 28 U.S.C. § 1332(b); ECF No. 2 ¶ 24, the Court FINDS that Target has met its burden of demonstrating that diversity jurisdiction exists over this action such that is was properly removed, and therefore RECOMMENDS that Plaintiff's Motion on this basis be DENIED.

### B. Remand Is Not Warranted Based on Potential Future Claims

In its Motion, Plaintiff also argues remand may be warranted based on potential future claims that may be alleged in this action. For example, Plaintiff contends Target cannot enforce an agreement against Plaintiff that relates to this commercial dispute because the individual who signed it did not have authority to bind Plaintiff. See ECF No. 12-1 at 7-9. Plaintiff contends Target may have a claim against this individual, a Hawaiʻi *resident*,[3] who is thus not diverse from Plaintiff. See id. Plaintiff therefore requests an order directing Target to show cause as to whether it will pursue a claim against that individual, and if so, requests that the matter be remanded on that basis. See id. at 8-9.

---

[3] The determinative test is not residency, but *citizenship*. See Kanter, 265 F.3d at 857 ("But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency."). For an individual, citizenship is based on that party's domicile, or "her permanent home, where she resides with the intention to remain or to which she intends to return." Id. For purposes of Plaintiff's Motion, the Court will presume the relevant individual here is also a *citizen* of Hawaiʻi.

The Court RECOMMENDS that the District Court deny Plaintiff's request for relief on these grounds. When federal jurisdiction in a removal case depends on complete diversity, the existence of diversity is determined based on the citizenship of the parties at the time the action was brought and when removal is effected. See Strotek Corp. v. Air Transp. Ass'n. of Am., 300 F.3d 1129, 1131 (9th Cir. 2002) ("Thus, we start with the core principle of federal removal jurisdiction on the basis of diversity—namely, that it is determined (and must exist) as of the time the complaint is filed and removal is effected.").[4] As discussed above, removal was thus appropriate here.

Nor has Plaintiff demonstrated that an order to show cause is warranted based merely on a potential claim Target may have against a third-party individual. Even if this individual is a citizen of Hawai'i, and even if Target files a claim against her, that does not necessarily mean jurisdiction would be lacking. See Schrader v. Exxon Mobil Corp. Irwin Indus., 2005 WL 8156196, at *2 (C.D. Cal. Oct. 14, 2005) ("[I]t has long been established that, under Fed. R. Civ. P. 14(a), a defendant may implead a third-party of the same citizenship as the plaintiff without destroying diversity jurisdiction.") (citing Owen Equipment and Erection Co. v. Kroger, 437 U.S. 365 (1978) and Caterpillar Inc. v. Lewis, 519 U.S. 61, 67,

---

[4] An action may also become removable—but this scenario is inapplicable here. See, e.g., 28 U.S.C. § 1446(b)(3); Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 696 (9th Cir. 2005).

n.1 (1996) ("[A]ssuming that jurisdiction is based upon diversity of citizenship between [plaintiff] and [defendant], the question concerning impleader is whether there is a jurisdictional basis for the claim by [defendant] against [third-party defendant]. The fact that [plaintiff] and [third-party defendant] may be co-citizens is completely irrelevant.")); see also Nam Soon Jeon v. Island Colony Partners, 892 F. Supp. 2d 1234, 1242 (D. Haw. 2012) (noting that diversity jurisdiction is not destroyed by lack of diversity with a third-party defendant, quoting Spring City Corp. v. Am. Bldgs. Co., 193 F.3d 165, 169 (3d Cir. 1999) ("a third-party defendant joined under Federal Rule of Civil Procedure 14 does not become a defendant as against the original plaintiff, so that federal jurisdiction is not destroyed where those parties are citizens of the same state")).[5]

       Nor does the presence of any Doe Defendants, without more, mean that remand is necessary or an order to show cause is warranted at this time. See 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); see also 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose

---

[5] Indeed, in its Reply, Plaintiff does not respond to Target's argument regarding a potential claim against a third-party defendant—and so apparently concedes that the addition of such a third-party defendant here would not necessarily destroy jurisdiction. See ECF No. 24 at 10.

joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."); Soliman v. Philip Morris Inc., 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant.").[6]  For these reasons, the Court RECOMMENDS that Plaintiff's request to remand on this basis or for an Order to Show Cause also be DENIED.

### C. Remand Is Not Warranted Based on Due Process Concerns

Finally, Plaintiff argues remand is warranted based on due process considerations, particularly given the location of the federal court on Oʻahu (as compared to the state court's location on the island of Hawaiʻi) in light of the location of the witnesses and evidence relevant to this action.  But Plaintiff relies on authority addressing when a court may exercise *personal* jurisdiction over a

---

[6] Because none of Plaintiff's pleadings—including the SAC—has specifically sought to name additional parties, the Court similarly recommends that the District Court deny Plaintiff's request (raised for the first time in Reply) that the Court order Target to provide certain information about certain current or former employees that "are potential parties to the instant litigation." ECF No. 31 at 8; see also id. at 2-3 (requesting as part of an order to show cause that the Court order, "upon Plaintiff's request for information regarding Defendant's current or former employees related to this litigation, [] that Defendant provide, within thirty (30) days of Plaintiff's request, (a) verification of employment with Defendant for the requested persons, (b) the last known address for the requested persons, and (c) the last known phone number and email address for the requests persons[.]"). Such issues can be addressed if and when Plaintiff seeks leave to add those individuals as named defendants.

defendant.  See ECF No. 12-1 at 10 (citing Int'l Shoe Co v. State of Wash., Office of Unemployment Compensation and Placement, 326 U.S. 310, 316 (1945)).  When considering a motion to remand, the Court is tasked only with assessing whether there exists subject matter jurisdiction over the action.  See 28 U.S.C. §§ 1441, 1446 .  Thus, even when the practical effect of removal is a change in location from one county to another (and here, one island to another), concerns of fairness or convenience do not provide a valid reason to deny a federal forum to a defendant who may otherwise properly remove an action to federal court.  See also Michaels v. Longs Drug Stores California, LLC, 2014 WL 5488434, at *3 (D. Haw. Oct. 28, 2014) ("the convenience of the parties, witnesses, or counsel does not provide a basis for remand").  For this reason, the Court RECOMMENDS that Plaintiff's request to remand on this basis also be DENIED.

## CONCLUSION

The Court FINDS and RECOMMENDS that Plaintiff's Motion to Remand Case to State Court or, in the Alternative, Motion for Order to Show Cause be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, APRIL 25, 2022.



Wes Reber Porter
United States Magistrate Judge

**HILO PRODUCTS, INC. v. TARGET CORPORATION; CIVIL NO. 22-00069 SOM-WRP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT OR, IN THE ALTERNATIVE, MOTION FOR ORDER TO SHOW CAUSE**